J-S09005-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| LORRAINE L. DAVIS, EXECUTRIX OF THE ESTATE OF: JOHN J. HUDSON, DECEASED | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| HCR MANORCARE, LLC; MANOR CARE OF LANCASTER PA, LLC D/B/A MANORCARE HEALTH SERVICES – LANCASTER; MANORCARE HEALTH SERVICES, INC. A/K/A MANORCARE HEALTH SERVICES, LLC; MANOR CARE, INC.; HCR MANORCARE, INC.; HCR IV HEALTHCARE LLC; HCR III HEALTHCARE, LLC; HCR II HEALTHCARE, LLC; HCR HEALTHCARE, LLC; HCRMC OPERATIONS, LLC; HEARTLAND EMPLOYMENT SERVICES, LLC; THE LANCASTER GENERAL HOSPITAL AND LANCASTER GENERAL HEALTH | |
| APPEAL OF:  HCR MANORCARE, LLC; MANOR CARE OF LANCASTER PA, LLC D/B/A MANORCARE HEALTH SERVICES – LANCASTER; MANORCARE HEALTH SERVICES, INC. A/K/A MANORCARE HEALTH SERVICES, LLC; MANOR CARE, INC.; HCR MANORCARE, INC.; HCR IV HEALTHCARE LLC; HCR III HEALTHCARE, LLC; HCR II HEALTHCARE, LLC; HCR HEALTHCARE, LLC; HCRMC OPERATIONS, LLC; HEARTLAND EMPLOYMENT SERVICES, LLC | |
| | No. 507 MDA 2015 |

Appeal from the Order Entered February 25, 2015
In the Court of Common Pleas of Lancaster County
Civil Division at No(s): CI-14-06658

BEFORE:  PANELLA, J., LAZARUS, J., and JENKINS, J.

JUDGMENT ORDER BY PANELLA, J.                    **FILED FEBRUARY 23, 2016**

Appellee, Lorraine H. Davis, as executrix for her father, John L. Hudson's estate, instituted the instant action against Appellant business entities (collectively "ManorCare"), which collectively own and operate a nursing home facility known as ManorCare Health Services – Lancaster.  In her complaint, Davis asserted causes of action for survival, wrongful death, and punitive damages.  Manorcare filed preliminary objections, seeking to enforce an arbitration agreement it had with Hudson.  On February 19, 2015,[1] the trial court denied ManorCare's preliminary objection and refused to transfer the case to arbitration.  ManorCare filed this timely, interlocutory appeal as of right.  **See Gaffer Insurance Company, Ltd. v. Discover Reinsurance Co.**, 936 A.2d 1109, 1110 n. 2 (Pa. Super. 2007).

ManorCare concedes that this panel is bound to affirm based upon **Taylor v. Extendicare Health Facilities, Inc.**, 113 A.3d 317 (Pa. Super. 2015), **appeal granted**, 122 A.3d 1036 (Pa. 2015).  **See** Appellants' Motion for Summary Affirmance.  They merely seek to preserve their argument

---

[1] The docket entries reflect that Rule 236 notice was given to the parties on the same date.  However, the order in the certified record was stamped as docketed by the Lancaster County Prothonotary on February 25, 2015.  Thus, for purposes of appeal, the date the order became appealable was February 25, 2015.  **See EMC Mortgage, LLC v. Biddle**, 114 A.3d 1057, 1059 n.1 (Pa. Super. 2015).  We have corrected the appeals statement accordingly.

regarding arbitration pending the outcome of the Supreme Court of Pennsylvania's decision in **Taylor**. **See id**.

After reviewing the briefs of the parties and the record, we agree that **Taylor** controls, and therefore affirm. Manorcare's motion for summary affirmance is dismissed as moot.

Order affirmed. Motion for Summary affirmance dismissed as moot. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/23/2016